FORET, Judge.
Buster C. Saucier brought this action on June 21, 1978, seeking an injunction or, in the alternative, damages against John-Clai Company (John-Clai). On July 24,1978, the trial court held sua sponte that the plaintiff had failed to state a cause of action but allowed him time to amend. After the filing of amendments by Saucier, the trial judge, on September 25, 1978, granted a summary judgment in favor of the defendants, dismissing two major claims of the plaintiff. From this partial dismissal, plaintiff has perfected this appeal; defendants have answered the appeal urging affirmation of the partial dismissal and seeking to bring the remaining portions of plaintiff’s action before this Court.
*1241 John-Clai owns and i operates the .MacArthur Village Shopping Center in Alexandria, Louisiana. On October 7,1966, Gus Kaplan, Inc. entered into a lease agreement with John-Clai under which Gus Kaplan was granted store space in the shopping center from August 1, 1967 to July 31, 1979. As stated therein, the lease was granted for the following purposes:
“10. USE OF PREMISES: Lessee shall use the leased premises for the purpose of conducting a women’s specialty shop and store and such business as is usually conducted in conjunction with such a shop or store, including, but not limited to all forms of women’s wearing apparel, shoes, hats, notions, costume jewelry, cosmetics and accessories normally sold in such stores, also children’s and infant’s wear, clothing and accessories and men’s sports wear, novelties and accessories, customarily sold in connection and conjunction with a women’s specialty shop. It is agreed that a minimum of seventy-five (75%) percent of total sales area in the leased premises shall be devoted to the sale of women’s wear and accessories, including, but not limited to, all forms of women’s wearing apparel, shoes, hats, costume jewelry, cosmetics, notions and accessories. It is further agreed that not more than 2,500 square feet of floor space will be utilized in the sale of men’s sportswear, novelties and accessories, and that the sale of young men’s clothing will be restricted to college age and up.” (Emphasis added) (Defendant’s Exhibit # 1)
On February 15, 1977, this lease was amended and extended so as to include more space for Gus Kaplan and certain other economic factors which are irrelevant to the present case. The above quoted scope of business paragraph remained intact from the 1966 lease. In its amended answer to plaintiff’s amended petition, defendant admits that its 1966 lease with Gus Kaplan was not recorded in the conveyance records of Rapides Parish prior to plaintiff’s lease of 1972.
On June 1, 1972, John-Clai entered into a ten-year lease agreement with Saucier for the purpose of Saucier operating a beauty salon in the shopping center. This lease contained the following restrictive covenant:
“COMPETING BUSINESSES: Lessor shall not lease during the primary term of this lease or any renewals or any extensions thereof any space in MacArthur Village Shopping Center to any person, firm, or corporation for the purpose of carrying on the business of a Beauty Shop, and sales and services generally carried on in conjunction with such business.”
In March, 1978, Saucier learned that another lessee, Gus Kaplan, was preparing to open a beauty salon in its MacArthur Village store. After failing to secure enforcement of this non-competition clause from his lessor, Saucier brought this action against John-Clai seeking:
(1) A mandatory injunction restraining and enjoining John-Clai from allowing Gus Kaplan to operate a beauty shop in MacArthur Village and,
(2) In the alternative, for damages resulting from (a) the failure of John-Clai to take affirmative action to prevent Gus Kaplan from operating a beauty shop within the shopping center and (b) a breach of the non-competition clause in the Saucier/John-Clai lease.
As noted above, on September 25, 1978, the trial court dismissed claims 1 and 2(a) of the above on defendant’s motion for summary judgment. In doing so, the trial court found that John Clai “would have no right to enjoin Kaplan from so operating”. (Oral Reasons for Judgment, pg. 3) We do not agree with this statement.
Summary judgments (La.Code of Civil Procedure, Article 966) should be granted only when there are no material facts in dispute and by law, one of the parties is entitled to judgment in his favor. The lease contract between plaintiff and defendant clearly sets out a duty on the defendant not to “lease . . any space in MacArthur Village Shopping Center to *1242 any person, firm or corporation for the purpose of carrying on the business of a beauty shop . .
This lease is dated June 1, 1972, and is recorded in the conveyance records of Rap-ides Parish. This contract created an affirmative duty on defendant not to lease to a competitor of plaintiff. Nevertheless, despite this language, another lessee of John-Clai in MacArthur Village, Gus Kaplan, did in fact open a beauty salon in his (existing) store in the shopping center. Plaintiff thereupon brought this suit for injunction seeking to force his lessor to abide by the terms of his 1972 lease contract.
Lessor John-Clai denies plaintiff’s right to an injunction, claiming that they did not violate the lease provision of plaintiff’s contract in that their lease with Gus Kaplan did not specifically include or exclude the operation of a beauty shop by Gus Kaplan and thus they are not responsible for his actions. While we agree that the language (above quoted) in the Gus Kaplan/John-Clai lease is indeed vague as to whether or not Gus Kaplan is allowed to operate a beauty salon within his store, this should not be allowed to obscure the legal issues in dispute between Buster Saucier and John-Clai.
Gus Kaplan’s original lease with defendant dates from 1966. In 1977, this lease was amended and extended so as to include more space for Gus Kaplan and certain other economic factors which are irrelevant to the present case. The above noted “scope of business” paragraph remained intact from the 1966 lease. If, as defendant admits in his answer, neither Gus Kaplan lease was recorded, then third parties (such as the plaintiff) would not be bound by the provisions of this lease, and the recordation of the 1972 lease between Saucier and John-Clai would prime the rights (if any) of Gus Kaplan to operate a beauty salon in the shopping center.[1]
As to the propriety of a mandatory injunction forcing John-Clai to restrain any of its other lessees from interfering with the rights of plaintiff, we note with approval the case of Belvin v. Sikes, 2 So.2d 65 (La.App. 2 Cir. 1941). The restrictive covenant there in dispute stated:
“Parties of the first part [lessors] agree and bind themselves to protect the party of the second part [lessee] against any competition in mercantile, cafe, of service station business, fishing camps, and rental cabins, on any lands now owned by them during the life of this lease.”
When lessors breached this provision, the Court granted a mandatory injunction prayed for by plain tiff-lessee stating:
“The lessors not only obligated themselves to abstain from such competition, but, in legal effect, also bound themselves not to allow others to do so on any land they owned on the lake. Relying upon the binding effect of said stipulation, Bel-vin expended considerable money to equip the land with improvements suitable to accommodate the character of patronage he hoped to and did receive thereafter. In these circumstances the equitable injunctive relief was available to him. He could not adequately protect his rights save by resort to this character of relief. To allow the competition to continue meant the destruction of his own business.” (Emphasis added)
In accordance with the above, we are compelled to reverse the trial court’s granting of a summary judgment denying the mandatory injunction prayed for by plaintiff, Buster Saucier, and remand the matter to the trial court for further proceedings. In remanding, we do not intend that the trial court construe our decision to mean that a mandatory injunction is the only remedy that may be fair to the parties. On the contrary, we remand this case to the trial court for a full hearing on the merits.
Costs of this appeal are assessed against defendants, John-Clai Company, et al. Assessment of costs in the trial court for prior and future proceedings shall be set by the trial court upon its disposition of the matter.
REVERSED AND REMANDED.
CUTRER, J., concurs.

. LSA R.S. 9:2722.